UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>MARIO GOGLIORMELLA,<br>STEVEN LACAJ, and<br>KARIM IBRAHIM,<br>  a/k/a "Chris Hayes"<br><br>                    *Defendants* | **Protective Order**<br><br>24 Cr. 362 (VSB) |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

### Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2023.11.26

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

2. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

### Other Provisions

3. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

4. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

5. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

2023.11.26

3

6. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

2023.11.26

**Retention of Jurisdiction**

7. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____   Date:   08/06/02024
Adam S. Hobson
Assistant United States Attorney


_____   Date:   _____
James R. Froccaro, Jr.
Counsel for Mario Gogliormella


_____   Date:   _____
Scott Leemon
Counsel for Steven Lacaj


_____   Date:   _____
Michael Farkas
Counsel for Karim Ibrahim


SO ORDERED:

Dated: New York, New York
       August  7 , 2024

_____
HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

## Retention of Jurisdiction

7. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____
    Adam S. Hobson
    Assistant United States Attorney

    _____          Date: __8/2/24__
    James R. Froccaro, Jr.
    Counsel for Mario Gogliormella

    _____          Date: _____
    Scott Leemon
    Counsel for Steven Lacaj

    _____          Date: _____
    Michael Farkas
    Counsel for Karim Ibrahim

4

2023.11.26

Aug-05-2024 | 10:50 AM PDT

## Retention of Jurisdiction

7. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____
    Adam S. Hobson
    Assistant United States Attorney

_____          Date: ___8/2/24_____
James R. Froccaro, Jr.
Counsel for Mario Gogliormella

                                                                        Aug-05-2024 | 10:50 AM PDT

_____          Date: _____
Scott Leemon
Counsel for Steven Lacaj

_____          Date: _____
Michael Farkas
Counsel for Karim Ibrahim

SO ORDERED:

Dated: New York, New York
        July ___, 2024

                                                               _____
                                                               HONORABLE VERNON S. BRODERICK
                                                              UNITED STATES DISTRICT JUDGE

2023.11.26

## **Retention of Jurisdiction**

7. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____   Date: _____
Adam S. Hobson
Assistant United States Attorney

_____   Date: _____
James R. Froccaro, Jr.
Counsel for Mario Gogliormella

_____   Date: _____
Scott Leemon
Counsel for Steven Lacaj

*/s/ Michael Farkas/*   Date: 7/27/24
Michael Farkas
Counsel for Karim Ibrahim

SO ORDERED:

Dated: New York, New York
       _____, 2024

_____
HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

4